UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                Case No. 09-MC-77

JOHN M. SUNDBERG,

    Respondent.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

    The United States brought this action seeking judicial enforcement of a summons issued by the Internal Revenue Service. This matter is before me on respondent John Sundberg's motion to dismiss. (Doc. # 7.) For the reasons stated below, the motion will be denied.

    Respondent appears to seek dismissal of the petition on the basis that petitioner has failed to follow the "Federal Rules of Court" to commence an action and thereby failed to properly serve him. Petitioner sought enforcement of the summons after respondent failed to comply with the agency's summons. The Court reviewed the petition, and on October 7, 2009, ordered respondent to appear before the Court on December 11, 2009 and show cause why he should not be compelled to comply with the Internal Revenue Service summons. A copy of the petition and the Court's order to show cause was served on respondent by the U.S. Marshals Service on October 9, 2009 at 1:00 p.m. Respondent filed his motion to dismiss on November 30, 2009, along with other notices and "integrated affidavits," but did not appear at the hearing on December 11, 2009. The Court ordered

that a warrant for respondent's arrest be issued, and respondent appeared before the Court on December 17, 2009.

Section 7402(b) of Title 26, United States Code, states the following regarding the jurisdiction of the district courts:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

*See also* 26 U.S.C. § 7604(a). Section 7604(b) provides that if a person summoned to produce records under the internal revenue laws fails to obey that summons, an application may be made to the district court for an attachment against the individual as for a contempt. The Seventh Circuit has outlined the process as follows:

> Summons enforcement proceedings begin when the Government files a petition for enforcement, pursuant to 26 U.S.C. § 7604. Along with the petition, the Government must submit evidence of a prima facie case that the conditions exist for the issuance of a summons.

*United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981). The Supreme Court set forth what is required to make a prima facie case in *United States v. Powell*, 379 U.S. 48 (1964):

> [T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed-in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

379 U.S. at 57-58.

Here, respondent claims that because this action was not initiated with the filing of a complaint and the issuance of a summons, the government has failed to comply with Rules 3 and 4 of the Federal Rules of Civil Procedure.[1] Respondent's argument is without merit, as other courts presented with similar facts have consistently held that a district court properly asserts personal jurisdiction based upon service of a show cause order and petition. *See, e.g., United States v. Elmes*, 532 F.3d 1138, 1142 (11th Cir. 2008) (citing *United States v. Miller*, 609 F.2d 336, 338 (8th Cir. 1979)). Respondent was served with a show cause order and petition, and the declaration of Revenue Officer Kathy Goldman demonstrates that the government has made a prima facie case under *Powell* that conditions exist for the issuance of a summons.

Because respondent was properly served with the order to show cause and the petition, the motion to dismiss is **DENIED**.

**SO ORDERED** this ___18th___ day of December, 2009.

    s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

---

[1] Respondent also claims the government has failed to comply with Fed. R. Crim. P. 4.